UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

ELIZABETH LENHARD ,

      Plaintiff,                                DEMAND FOR JURY TRIAL

 -vs-                                          Case No.
                                                  Hon.

CITIMORTGAGE, INC,

      Defendant.

## COMPLAINT & JURY DEMAND

**Note:**       **This lawsuit seeks injunctive relief.  Specifically, the Defendant is attempting to wrongfully foreclose upon the Plaintiff's home and sale is scheduled for April, 2011.**

                    **Plaintiff, *inter alia*, seeks an order enjoining the foreclosure of the subject property pending the outcome of the above-styled matter.**

## Jurisdiction

1.     This action is brought under the Federal Real Estate Settlement Procedures Act ("R.E.S.P.A."),  12 U.S.C. §2605, and this court has jurisdiction  pursuant to and 28 U.S.C. §§ 1331, 1337;  this court, as such,  may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. §  1367.

2.     This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

1

3.      This court has federal question jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. §1681 and 28 U.S.C. §§1331, 1337.

4.      This Court has jurisdiction under 15 U.S.C. §1691e and 28 U.S.C. §§1331, 1332(d), and 1337.

5.      This Court may take supplemental jurisdiction over the state law claims set forth in this pleading.

## Parties

6.      The Plaintiff to this lawsuit resides in Warren, Michigan in Macomb County.

7.      The Defendant, CITIMORTGAGE, INC, is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

## Venue

8.      The transactions and occurrences which give rise to this action occurred in Macomb County and in the City of Warren.

9.      Venue is proper in the Eastern District of Michigan.

## General Allegations

10.     In September of 2008, Plaintiff and the CITIMORTGAGE, INC entered into a Mortgage.

11.     Since April of 2010, Plaintiff has been in the process of applying for a loan modification with Defendant.

12.     Plaintiff sent in more than one application, but Defendant never provided accurate reasons as to why Defendant denied any of the applications.

2

13.    Plaintiff did not receive timely written notice that any application had been approved or denied.

14.    Plaintiff did not receive timely written notice containing the reasons for approval, denial or delay.

15.    Upon applying for loan modification, Plaintiff's monthly escrow payment went up by approximately $80.00 in spite of the fact that neither Plaintiff's insurance rate or taxes increased.

16.    This increase in escrow charges is an illegal charge.

17.    On March 11, 2011, Plaintiff sent a qualified written request to CITIMORTGAGE, INC which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items.

18.    Defendant received a copy of the qualified written request.

19.    Despite its receipt of the qualified written request, Defendant, CITIMORTGAGE, INC, refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed by the Plaintiff.

20.    Despite its receipt of the Plaintiff's qualified written request letter and its failure to properly respond to this request, Defendant, CITIMORTGAGE, INC, continues its foreclosure proceedings against the subject property.

3

21.     CITIMORTGAGE, INC  failed to conduct the necessary investigation into the disputes tendered by Plaintiff in violation of RESPA, and, as such, CITIMORTGAGE, INC continued with its collection against Plaintiff or foreclosure of the property and subjected Plaintiff to additional illegal charges and fees.

22.      CITIMORTGAGE, INC  failed to discontinue credit reporting during the pendency of the qualified written request.

23.     A foreclosure sale is now scheduled for April, 2011.

24.     Plaintiff will be irrevocably harmed if the foreclosure sale is allowed to proceed.

## COUNT  I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*

## (CITIMORTGAGE, INC)

25.     Plaintiff incorporates the preceding allegations by reference.

26.     R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

27.     The transactions described herein involve a federally regulated mortgage loan.

28.     R.E.S.P.A. prohibits kickbacks and referral fees, in accordance with 12 U.S.C. § 2607(a).

29.     R.E.S.P.A. prohibits unearned fees, in accordance with 12 U.S.C. § 2607(b).

30.     CITIMORTGAGE, INC  willfully violated the R.E.S.P.A. by taking unearned fees from the Plaintiff.

31.     CITIMORTGAGE, INC  willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

4

a.   By failing to make appropriate corrections in the account of the Plaintiff and failing to transmit written notification of such correction to the Plaintiff (12 U.S.C. §2605(e)(2)(A));

b.   By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that CITIMORTGAGE, INC believed the account of the Plaintiff to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)(B));

c.   By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by CITIMORTGAGE, INC and the name and telephone number of an individual  who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)©); and

d.   By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of CITIMORTGAGE, INC's receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

32.   As a result of these violations, the Plaintiff suffered damages.

## COUNT  II – REQUEST FOR EQUITABLE,

## DECLARATORY & INJUNCTIVE RELIEF

## (CITIMORTGAGE, INC)

33.     Plaintiff incorporates the preceding allegations by reference.

34.     It appears that a genuine, good faith dispute existed over the amount of the monthly

payments due or the principal balance owing to CITIMORTGAGE, INC.

35.     Upon information and belief, and given the totality of the circumstances in the pending

matter, there is no equitable basis to allow CITIMORTGAGE, INC or its nominee to

foreclose upon the property and throw Plaintiff out into the street.

36.     The request of the Plaintiff is that the Court grant equitable, declaratory and injunctive relief

to decelerate the mortgage balance, remove Plaintiff from foreclosure, and declare Plaintiff

not to have been in breach of the mortgage agreement.

37.     Additionally, it is the request of the Plaintiff that this Court grant declaratory relief, in that

the fees and costs charged to Plaintiff by CITIMORTGAGE, INC are unauthorized.

38.     Additionally, it is the request of the Plaintiff that CITIMORTGAGE, INCproduce an

immediate accounting of all sums paid, as well as those allegedly due and owing based upon

the facts found, as well as a corresponding correction of all credit reporting relating to the

mortgage.

## COUNT  III – BREACH OF CONTRACT/ WRONGFUL FORECLOSURE

## (CITIMORTGAGE, INC)

39.     Plaintiff incorporates the preceding allegations by reference.

6

40.     The agreement between the parties as set forth herein constituted an enforceable contract.

41.     Plaintiff performed fully under the terms of the contract – or cured any default –  and under those terms was entitled to full performance by the Defendants.

42.     CITIMORTGAGE, INC  has repeatedly breached its contract with the Plaintiff by:

   a.      causing a breach which it wrongly attributed to Plaintiff in order to pressure Plaintiff into paying unnecessary and unwarranted fees and costs;.

   b.      imposing unnecessary fees and costs upon Plaintiff ;

   c.      repeatedly misstating the amount due under Plaintiff  loan;.

   d.      requesting specific forms of action on the part of Plaintiff  and then claiming that the course of conduct of Plaintiff justified default under the mortgage and foreclosure upon the home;

   e.      wrongfully foreclosing on the property of the Plaintiff ;

   f.      refusing to perform in good faith;

   g.      willfully misstating the payment history to credit reporting agencies so as to disable Plaintiff  from refinancing;

43.     CITIMORTGAGE, INC, accelerated the entire balance of the contract in bad faith and commenced foreclosure proceedings.

44.     These actions by CITIMORTGAGE, INC constitute a breach of the contract obligations as construed by Michigan law.

45.     Plaintiff has  suffered damages as a result of this breach of contract.

## COUNT  IV – VIOLATION OF MICHIGAN FORECLOSURE LAW

## (CITIMORTGAGE, INC)

46.     Plaintiff incorporates the preceding allegations by reference.

47.     CITIMORTGAGE, INC has violated Michigan Foreclosure law by engaging in one or more

of the following acts or omissions:

     a.      Failing to accurately list the contents of the advertisement.

     b.      Preparing affidavits in advance of the auction for filing with the Registrar of Deeds.

     c.      Failing to file a Notice of Adjournment.

     d.      Failing to Notify Plaintiff of the Notice of Adjournment.

     e.      Failing to notify Plaintiff of the foreclosure proceedings.

     f.      Charging Plaintiff attorney fees not authorized by statute.

48.     The above actions of Defendant constitute violations of Michigan Foreclosure by

advertisement law, thus making the foreclosure voidable if not void.

## COUNT  V – VIOLATION OF MICHIGAN FORECLOSURE LAW

## (CITIMORTGAGE, INC)

49.     Plaintiff incorporates the preceding allegations by reference.

50.     Defendant is licensed, registered or should be, under the Michigan Mortgage Brokers,

Lenders, and Servicers Licensing Act, M.C.L. § 445.1651 *et. seq.*

51.     The transactions at issue are within the purview of the Act, M.C.L. § 445.1651a(n)

52.     Defendants violated the Act, M.C.L. § 445.1672 and M.C.L. § 445.1673, as follows:

     a.      Failing to conduct their business in accordance with the Act and other laws;

b.      Engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction;

c.      Charging Plaintiff fees beyond those that were reasonable, necessary, actually incurred by Defendants, or supported by contract and law, in connection with the transactions described herein;

d.      Inducing Plaintiff to enter a transaction which provided little or no benefit to the Plaintiff, but which was arranged for the primary purpose of generating fees for Defendants.

e.      As the result of Defendants violations of this Act, Plaintiff is entitled to statutory damages of $250.00 per violation or actual damages, whichever is greater, can costs under  M.C.L. §  445.1681( c).

53.     Plaintiff is entitled to money damages and/or actual damages in an amount to be determined by the court, and costs and attorney fees.

## COUNT  VI – VIOLATION OF M.C.L § 445.901 *et seq*.

## (CITIMORTGAGE, INC)

54.     Plaintiff incorporates the preceding allegations by reference.

55.     The facts set forth in this complaint establish that CITIMORTGAGE, INC violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

56.     Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT  VII – Fair Credit Reporting Act

## (CITIMORTGAGE, INC)

57.  Ms. Lenhard incorporates the preceding allegations by reference.

58.  CITIMORTGAGE, INC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by  Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

59.  CITIMORTGAGE, INC was required to cease reporting the derogatory information during the pendency of the period of 60 days following receipt of the qualified written request.

60.  Following the reinvestigation, CITIMORTGAGE, INC continued to report the adverse credit information, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

61.  Following its reinvestigation, CITIMORTGAGE, INC reported the derogatory credit information and consciously avoided knowing that the derogatory credit information was supposed to be suppressed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

62.  Following the reinvestigation and dispatch of notice directly to CITIMORTGAGE, INC, CITIMORTGAGE, INC reported credit information that was not in fact lawful,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

63.  Following the reinvestigation and dispatch of direct notice to CITIMORTGAGE, INC, CITIMORTGAGE, INC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

10

64.   CITIMORTGAGE, INC willfully refused to properly put in place adequate procedures to reinvestigate credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

65.   In the alternative, CITIMORTGAGE, INC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

66.   CITIMORTGAGE, INC willfully refused to properly reinvestigate the inaccuracies in credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

67.   In the alternative, CITIMORTGAGE, INC negligently failed to conduct a proper reinvestigation of a credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

68.   Plaintiff has suffered damages as a result of these violations of the FCRA.

**COUNT  VIII – Intentional Infliction of Emotional Distress**

**(CITIMORTGAGE, INC)**

69.   Plaintiff incorporates the preceding allegations by reference.

70.   The conduct of  CITIMORTGAGE, INC constituted extreme and outrageous conduct.

71.   CITIMORTGAGE, INC acted with reckless disregard of the possible consequences to Plaintiff.

72.   The conduct of CITIMORTGAGE, INC directly and proximately caused emotional distress to the Plaintiff.

73.   Plaintiff has suffered damages as a result of the conduct of CITIMORTGAGE, INC.

## COUNT IX – Negligence

## (CITIMORTGAGE, INC)

74.     Plaintiff incorporates the preceding allegations by reference.

75.     CITIMORTGAGE, INC owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

76.     CITIMORTGAGE, INC's unlawful threat to foreclose on Plaintiff's home was per se unreasoanble.

77.     Plaintiff has suffered foreseeable damages as a result of this unreasonable conduct by CITIMORTGAGE, INC.

## COUNT X – Negligence *Per Se* –

## (CITIMORTGAGE, INC)

78.     Plaintiff incorporates the preceding allegations by reference.

79.     CITIMORTGAGE, INC's actions in publishing false and inaccurate credit information to the credit bureaus was in violation of express duties under the FCRA.

80.     Those unreasonable actions were *per* se unreasonable.

81.     Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information byCITIMORTGAGE, INC.

## COUNT XI – Defamation by Libel

## (CITIMORTGAGE, INC)

82.     Plaintiff incorporates the preceding allegations by reference.

83.     CITIMORTGAGE, INC's written publications of the trade lines on Plaintiffs' credit report were false and defamatory.

84.    Defendant's publications were not privileged communications.CITIMORTGAGE, INC's publications of the trade lines on Plaintiff 's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

85.    The statements were *per se* defamatory.

86.    Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

87.    Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  XII – Negligence  – Malicious Statutory Libel

## (CITIMORTGAGE, INC)

88.    Plaintiff incorporates the preceding allegations by reference.

89.    The inaccurate credit information was published with malice or ill-will.

90.    Plaintiff has suffered damages as a result of this malicious libel by CITIMORTGAGE, INC in violation of M.C.L. § 600.2911.

91.    Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT XIII – Fair Debt Collection Practices Act

## (CITIMORTGAGE, INC)

92.    Plaintiff incorporates the preceding allegations by reference.

93.    At all relevant times CITIMORTGAGE, INC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13

94.   CITIMORTGAGE, INC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

95.   CITIMORTGAGE, INC's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

96.   Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT XIV  – Michigan Occupational Code

## (CITIMORTGAGE, INC)

97.   Plaintiff incorporates the preceding allegations by reference.

98.   CITIMORTGAGE, INC is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

99.   CITIMORTGAGE, INC's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the Occupational Code.

100.   Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT XV – Equal Credit Opportunity Act

## (CITIMORTGAGE, INC)

101.   Plaintiff incorporates the preceding allegations by reference.

102.   The request for loan modification was an application for credit subject to the ECOA and implementing Federal Reserve Board Regulation B.

103.   No loan modification was extended to Plaintiff.

104.   No written statement of the reasons for not granting the modification was furnished to to Plaintiff.

14

105.    15 U.S.C. §1691(d) provides:

Reason for adverse action; procedure applicable; "adverse action" defined.

(1) Within thirty days (or such longer reasonable time as specified in regulations of the Board for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.

(2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by--

(A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or

(B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

(3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

(4) Where a creditor has been requested by a third party to make a specific extension of credit directly or indirectly to an applicant, the notification and statement of reasons required by this subsection may be made directly by such creditor, or indirectly through the third party, provided in either case that the identity of the creditor is disclosed.

(5) The requirements of paragraph (2), (3), or (4) may be satisfied by verbal statements or notifications in the case of any creditor who did not act on more than one hundred and fifty applications during the calendar year preceding the calendar year in which the adverse action is taken, as determined under regulations of the Board.

(6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

15

106.    15 U.S.C. §1691a provides:

Definitions; rules of construction

(a) The definitions and rules of construction set forth in this section are applicable for the purposes of this title [15 USCS §§1691 et seq.].

(b) The term "applicant" means any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit.

(c) The term "Board" refers to the Board of Governors of the Federal Reserve System.

(d) The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.

(e) The term "creditor" means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

(f) The term "person" means a natural person, a corporation, government or governmental subdivision or agency, trust, estate, partnership, cooperative, or association.

(g) Any reference to any requirement imposed under this title [15 USCS §§1691 et seq.] or any provision thereof includes reference to the regulations of the Board under this title [15 USCS §§1691 et seq.] or the provision thereof in question.

107.    Plaintiff was an applicant as defined in §1691a.

108.    Defendant is a "creditor" as defined in §1691a.

109.    Loan modifications offered by Defendant are "credit" as defined in §1691a.

110.    Implementing Federal Reserve Board Regulation B, 12 C.F.R. §202.9, provides:

Notifications.

16

(a) Notification of action taken, ECOA notice, and statement of specific reasons --

(1) When notification is required. A creditor shall notify an applicant of action taken within:

(i) 30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application;

(ii) 30 days after taking adverse action on an incomplete application, unless notice is provided in accordance with paragraph (c) of this section;

(iii) 30 days after taking adverse action on an existing account; or

(iv) 90 days after notifying the applicant of a counteroffer if the applicant does not expressly accept or use the credit offered.

(2) Content of notification when adverse action is taken. A notification given to an applicant when adverse action is taken shall be in writing and shall contain: a statement of the action taken; the name and address of the creditor; a statement of the provisions of section 701(a) of the Act; the name and address of the Federal agency that administers compliance with respect to the creditor; and either:

(i) A statement of specific reasons for the action taken; or

(ii) A disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification. The disclosure shall include the name, address, and telephone number of the person or office from which the statement of reasons can be obtained. If the creditor chooses to provide the reasons orally, the creditor shall also disclose the applicant's right to have them confirmed in writing within 30 days of receiving a written request for confirmation from the applicant.

111.    15 U.S.C. §1691e provides:

Civil liability

(a) Individual or class action for actual damages.  Any creditor who fails to comply with any requirement imposed under this title [15 USCS §§1691 et seq.] shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class.

(b) Recovery of punitive damages in individual and class action for actual damages; exemptions; maximum amount of punitive damages in individual actions; limitation

17

on total recovery in class actions; factors determining amount of award.  Any creditor, other than a government or governmental subdivision or agency, who fails to comply with any requirement imposed under this title [15 USCS §§1691 et seq.] shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $ 10,000, in addition to any actual damages provided in subsection (a), except that in the case of a class action the total recovery under this subsection shall not exceed the lesser of $ 500,000 or 1 per centum of the net worth of the creditor. In determining the amount of such damages in any action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional.

(c) Action for equitable and declaratory relief.  Upon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this title [15 USCS §§1691 et seq.].

(d) Recovery of costs and attorney fees.  In the case of any successful action under subsection (a), (b), or (c), the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection.

(e) Good faith compliance with rule, regulation, or interpretation of Board or interpretation or approval by an official or employee of Federal Reserve System duly authorized by Board.  No provision of this title [15 USCS §§1691 et seq.] imposing liability shall apply to any act done or omitted in good faith in conformity with any official rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

(f) Jurisdiction of courts; time for maintenance of action; exceptions.  Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation . . . .

112.    Defendant's policy and practice of not providing written notice of credit denial or failure to approve credit violates the ECOA.

113.    Plaintiff One suffered damages as a result of these violations.

**Demand for Jury Trial**

114.    Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiff requests that this Court:*

a.      *Award actual damages.*

b.      *Award statutory damages.*

c.      *Award exemplary damages.*

d.      *Grant injunctive relief;*

e.      *Grant declaratory relief;*

f.      *Award costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:     s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for ELIZABETH LENHARD
        18930 West 10 Mile Rd. Suite 2500
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:   adamgtaub@clgplc.net

Dated: April 25, 2011

19