UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH LENHARD,

        Plaintiff,

v.

                                          Case No. 11-11810
CITIMORTGAGE, INC.,                    Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

This case involves a contention by the Plaintiff, Elizabeth Lenhard, that the Defendant, CitiMortgage, Inc., violated several federal and state laws in connection with a mortgage transaction and subsequent foreclosure proceedings against her property.

Currently pending before the Court are two formal requests for relief; namely, (1) a motion to dismiss by CitiMortgage, and (2) a motion for leave to file an amended complaint by Lenhard.

I.

On August 12, 2003, Lenhard obtained a loan from a non-party lender in the sum of $90,000 that had been secured by a mortgage on a parcel of property in Warren, Michigan. Three days later (August 15th), this mortgage was assigned to the ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). In September of 2007, CitiMortgage, by virtue of its subsequent merger with ABN AMRO, became the successor mortgagor. It is also the servicer of the loan. When Lenhard experienced a downward change in her financial circumstances, she submitted a loan modification application to CitiMortgage in April 2010, which was ultimately rejected. Lenhard alleges that,

around the time that she submitted the loan modification application, her monthly escrow payment was inexplicably increased by approximately $80 even though neither her insurance rates nor taxes had increased. She acknowledges that her (1) last payment to CitiMortgage was tendered in September of 2010, and (2) account became delinquent in November of the same year. Her account was subsequently referred for foreclosure. Lenhard also alleges that, in March of 2011, she submitted a qualified written request, pursuant to Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., to CitiMortgage, but that it failed to adequately and properly respond. This lawsuit followed.

II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court accepts the plaintiff's well-pleaded allegations as true and construes each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129

S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the . . . complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for a summary judgment when the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

### III.

Lenhard's complaint contained fifteen separate counts against CitiMortgage. However, in response to the arguments raised by CitiMortgage in its motion to dismiss, she has agreed to dismiss the following claims without prejudice: (1) Count II (equitable, declaratory, and injunctive relief); (2) Count IV (violations of Michigan foreclosure law); (3) Count VI (violations of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 et seq.); (4) Count VIII

(intentional infliction of emotional distress); (5) Count IX (negligence); (6) Count X (negligence per se); (7) Count XI (defamation by libel); (8) Count XII (negligence - malicious statutory libel); (9) Count XIII (violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6)); and (10) Count XIV(violations of the Michigan Occupational Code, Mich. Comp. Laws § 339.901(b)). Lenhard also agreed to dismiss Count V, in which she alleged violations of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MMBLSLA"), Mich. Comp. Laws § 445.1651 et seq., but only to the extent that it alleges fraud or misrepresentation. Lenhard has not provided any reason as to why the dismissal should be without prejudice. She acknowledges that no controversy remains with respect to any of these claims. Moreover, it is evident from a reading of the allegations that these identified counts fail to state a claim. Hence, the Court does not perceive any reason why the dismissal of these claims should operate as anything other than an adjudication on the merits. Therefore, these counts (as well as the relevant allegations in Count V) are dismissed with prejudice.

CitiMortgage submits that Lenhard's remaining claims[1] should be disposed of in the same manner, in that they consist merely of conclusory recitations of the elements of the respective causes of action, and therefore lack sufficient factual content to survive the *Twombly* and *Iqbal* analysis. Lenhard disputes this contention by pointing to the relevant allegations in the complaint and stating that certain necessary and specific factual allegations can be inferred from the complaint. In the alternative, she asks the Court for authority to amend her complaint to plead her claims with greater specificity. This request was supplemented by her subsequent filing of a motion

---

[1]The remaining counts are based upon (1) RESPA, 12 U.S.C. § 2601 et seq.; (2) breach of contract/wrongful foreclosure; (3) MMBLSLA, Mich. Comp. Laws § 445.1651 et seq.; (4) the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), 1681n, and 1681o; and (5) the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq.

for leave to file an amended complaint.

CitiMortgage is correct when it argues that many of Lenhard's claims do not provide a specific factual basis for the claimed violations. *See Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court does not believe that it - or CitiMortgage - should be in the position of having to infer that which could and should be specifically alleged. Thus, the Court turns to Lenhard's request to amend her complaint.[2]

### IV.

The Federal Rules of Civil Procedure provide that, unless an amendment is filed under circumstances that are not applicable here, a party may amend a pleading only with the consent of the opposing party or the specific authority of the court. Fed. R. Civ. P. 15(a). This Rule is to be construed liberally, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court, speaking of the Federal Rules generally as well as of Rule 15 in particular, has stated that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (citation omitted) ("[T]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings."). The underlying purpose of allowing parties to amend their pleadings is to permit the issues to be tried on the merits. *Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

---

[2] The text of this order may seem familiar to Lenhard's counsel. He engaged in a similar course of action and raised identical (or virtually identical) arguments in a different matter before this Court, *Washburn v. Am. Home Mortgage Serv., Inc.*, No. 11-12890 (E.D. Mich.).

ought to be afforded an opportunity to test his claim on the merits.").

The Supreme Court has articulated several factors that are relevant to the propriety of granting a request for leave to amend. "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007) ("Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment.").

Here, these factors support granting Lenhard's request. Her request to amend was first made in her response brief - not even four months after the filing of the initial complaint[3] and before any discovery had taken place or amendment deadlines, Fed. R. Civ. P. 16(b)(3)(A), had elapsed. Her request does not appear to be the result of bad faith or a dilatory motive.[4] Moreover, inasmuch as this is her first request to amend her complaint, there has been no failure to cure deficiencies by amendments previously allowed. While granting her request may, by necessity, delay an ultimate resolution of the issues and cause CitiMortgage to incur some additional costs, this does not

---

[3] Her subsequent motion for leave to amend was filed less than six months after she commenced this litigation.

[4] Although CitiMortgage suggests otherwise, the Court is not persuaded. Lenhard stands by the sufficiency of the pleading with respect to the remaining claims in the original complaint, but seeks leave to amend in the event that the Court would otherwise be inclined to grant a motion to dismiss for insufficient pleading.

constitute an "undue" prejudice in that Lenhard seeks only to clarify her pleadings rather than, for example, adding several new and unanticipated claims at a late stage of the litigation.

The Court notes that CitiMortgage, in arguing that Lenhard's proposed amendment would be futile, has essentially engaged in a renewed argument in support of its motion to dismiss - but this time, supported by several additional pieces of evidence that, it argues, demonstrate that Lenhard cannot prevail on her claims as initially pleaded or as amended. However, some of this evidence may not properly be considered by the Court in analyzing a Rule 12(b)(6) motion, and the Court does not believe that the futility prong of the amendment analysis calls for a full-blown adjudication of the merits of the underlying claims, especially such an adjudication aided by evidence that would not be considered on a motion to dismiss. Thus, CitiMortgage's argument is insufficient to overcome the presumption in favor of amendment.

For these reasons, the Court will grant Lenhard's request to amend the complaint with respect to the five remaining counts.

V.

For the reasons that have been set forth above, CitiMortgage's motion to dismiss (ECF No. 9) is granted in part and denied in part. Specifically, (1) Counts II, IV, VI, and VIII-XIV are dismissed in their entirety and with prejudice; (2) Count V is dismissed with prejudice to the extent that it alleges fraud and/or misrepresentation; and (3) Lenhard's motion for leave to amend her complaint (ECF No. 15) is granted with respect to the remaining claims.

IT IS SO ORDERED.

Date: March 8, 2012                                         s/Julian Abele Cook, Jr.
                                                                                            JULIAN ABELE COOK, JR.
                                                                                            U.S. District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 8, 2012.

                                                                                                   s/ Kay Doaks
                                                                                                   Case Manager